ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
**EGLET ADAMS EGLET HAM HENRIOD**
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
Tel.:	702-450-5400
Fax:	702-450-5451
eservice@egletlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MAYRA RODRIGUEZ, an individual, MARIO RODRIGUEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY, a Foreign Corporation; DOE INSURANCE COMPANY(IES) 1 through 40; DOE INSURANCE AGENT(S) 1 through 40; DOE INSURANCE AGENCY(IES) 1 through 40; DOE(S) 1 through 40; and ROE CORPORATION(S) 1 through 40; inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-02108-MMD-BNW<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), Plaintiffs, MAYRA RODRIGUEZ and MARIO RODRIGUEZ ("Plaintiffs") and Defendant BROTHERHOOD MUTUAL INSURANCE COMPANY ("Brotherhood Mutual") hereby respectfully submit the following Stipulated Discovery Plan and Proposed Scheduling Order:

**I. MEETING**

The following parties' counsel met via Zoom videoconference for an FRCP 26(f) conference on January 24, 2024:

1.	Danielle C. Miller, Esq. representing Plaintiffs Mayra Rodriguez and Mario

Rodriguez;

2. Scott B. Van Alfen, Esq. representing Brotherhood Mutual Insurance Company.

## II. INITIAL DISCLOSURES

The parties will complete the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before Wednesday, February 7, 2024.

## III. PROTECTIVE ORDER

The parties are not requesting a protective order.

## IV. DISCOVERY PLAN

The parties jointly propose the following discovery plan:

**A.  Discovery Cut-Off Date.**

The parties propose that the discovery period run until January 23, 2025 which is twelve months from the date of the Fed. R. Civ. P. 26(f) conference. This exceeds the 180-day presumptive outside limit provided by LR 26-1(b)(1) for completing discovery for the reasons explained in Section VI below.

**B.  Fed. R. Civ. P. 26(a) Disclosures (Experts).**

The parties proposed that Fed. R. Civ. P. 26(a)(2) disclosures of experts and expert reports proceed, as it is permitted to proceed on order of the Court by LR 26-1(b)(3), as follows:

1. All parties shall disclose initial experts and expert reports by Friday, November 24, 2024;

2. All parties shall disclose rebuttal experts and their reports by Tuesday, January 21, 2025;

3. The parties shall have until the proposed discovery cut-off date to complete all expert depositions.

**C.  Amending the Pleadings and Adding Parties.**

The parties shall file any motions to amend the pleadings or to add parties no later than Friday, October 25, 2024.

**D.  Dispositive Motions.**

The parties shall have until Tuesday, February 21, 2025 to file dispositive motions.

### E.     Pretrial Disclosures/Order.

The joint pretrial order shall be filed no later than Friday, March 21, 2025, unless a dispositive motion is filed in which case the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

## V. JUSTIFICATION FOR LONGER DISCOVERY PERIOD

The parties believe the Court should permit a longer period of time for discovery than provided in LR 26-1(b)(1) due to the nature of this case and the issues involved.

Collection of medical records frequently leads to the identification of additional relevant medical providers whose records must be obtained in subsequent requests. Each request, from sending the subpoena to actually receiving the records, is likely to take 30 days or more. Defendant Brotherhood Mutual Insurance Company has indicated that they would like to conduct additional discovery prior to discussing settlement.

The parties submit that their proposed discovery plan is an efficient and realistic schedule for completing the significant amount of discovery contemplated in this case.

## VI. OTHER ISSUES

### A.     Alternative Dispute Resolution.

The parties have conferred about the possibility of using alternative dispute resolution processes and are amenable to doing so.

### B.     Alternative Forms of Case Disposition.

The parties have considered trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the use of the short trial program. The parties do not consent to either at this time.

### C.     Electronic Evidence.

The parties have considered the possibility of presenting evidence to the jury in electronic format.  In the event that any electronic evidence is submitted by either party, the parties understand that such evidence must be submitted in a format that is compatible with the Court's electronic jury evidence display system.  The parties will consult the Court's website or contact the courtroom administrator for instructions about how to prepare evidence in a format that meets

these requirements.

**D.      Court Conference.**

The parties do not request a conference with the Court before entry of the scheduling order.

DATED this 30th day of January, 2024.          DATED this 30th day of January, 2024.

**EGLET ADAMS EGLET HAM HENRIOD**          **CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC**

By: */s/ Danielle C. Miller, Esq.*          By: */s/ Scott B. Van Alfen, Esq.*
ROBERT T. EGLET, ESQ.                        TYLER J. WATSON, ESQ.
Nevada Bar No. 3402                          Nevada Bar No. 11735
TRACY A. EGLET, ESQ.                         SCOTT B. VAN ALFEN, ESQ.
Nevada Bar No. 6419                          Nevada Bar 5532
DANIELLE C. MILLER, ESQ.                     8985 So. Eastern Avenue, Suite 200
Nevada Bar No. 9127                          Las Vegas, NV 89123
400 South 7th Street, 4th Floor              tjwatson@ksjattorneys.com
Las Vegas, Nevada 89101                      svanalfen@ksjattorneys.com
Tel.:   702-450-5400                         *Attorneys for Defendant*
Fax:    702-450-5451
eservice@egletlaw.com
*Attorneys for Plaintiffs*

When a proposed DPSO sets deadlines longer than those specified in LR 26-1(b), "the plan must state on its face 'SPECIAL SCHEDULING REVIEW REQUESTED.'"  The parties failed to include such a heading. The Stipulation is granted, but the parties are warned that future failure to abide by the Local Rules will result in summary denial of stipulations.

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

4