TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
SCOTT B. VAN ALFEN, ESQ.
Nevada Bar No. 5532
CHRISTIAN, JOHNSON, SLUGA,
& MUSHMECHE, LLC
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:    (702) 362-6666
Facsimile:    (702) 362-2203
*Attorneys for Defendant*
*BROTHERHOOD MUTUAL INSURANCE*
*COMPANY*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAYRA RODRIGUEZ, an individual, MARIO RODRIGUEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY, a Foreign Corporation; DOE INSURANCE COMPANY(IES) 1 through 40; DOE INSURANCE AGENT(S) 1 through 40; DOE INSURANCE AGENCY(IES) 1 through 40; DOE(S) 1 through 40; and ROE CORPORATION(S) 1 through 40; inclusive,<br><br>Defendants. | Case No.: 2:23-cv-02108-MMD-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

COMES NOW, Defendant BROTHERHOOD MUTUAL INSURANCE COMPANY (hereinafter "Defendant"), by and through its counsel of record, the law firm of CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC, and Plaintiff, MAYRA RODRIGUEZ and MARIO RODRIGUEZ, by and through their counsel of record, EGLET ADAMS EGLET HAM HENROID, and enter into this stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c), hereby submit this Stipulated Protective Order and state as follows:

///

///

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

# I.

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in section X(C) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Federal Rules of Civil Procedure set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

# II.

## DEFINITIONS

A.     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

B.     <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

C.     <u>Counsel (without qualifier)</u>: Counsel of Record, including all attorneys in counsel's firm and their support staff.

D.     <u>Designating Party</u>: A Party or Non-Party that designated information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

E.     <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F.     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

G.     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

H.     Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

I.     Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

J.     Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

K.     Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

L.     Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**III.**

**SCOPE AND GOOD CAUSE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries or compilations of Protected Material; and (3) any testimony, conversations or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Stipulation and Order do not, however,  cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

3

a result of publication not involving a violation of this Order, including becoming a part of the public record though trial or otherwise; and (2) any information known to the Receiving Party prior to this disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

This action is in material part a contractual action against her own insurance carrier allegedly stemming from the injuries of Plaintiff, Mayra Rodriguez, who was involved in an automobile accident. Disclosures in this matter may include company files containing information of third parties not parties to this litigation, and implicates certain specific privacy concerns associated therewith. This litigation will also involve the review and analysis of various documents including, but not limited to, underwriting files (including, but not limited to, home office, regional office, local or other office) pertaining to the Policy from the time the application for the Policy was first submitted up to and including the present, including, but not limited to, the file folder or file folders themselves; adjacent exhibit folders; all documents, communications and investigative reports regarding the Policy, including inter-office memoranda or notes pertaining to the issuance of the Policy; and any and all documents communications or statements made between Brotherhood and other parties, regarding the issuance of the Policy. Good cause exists to grant the parties' request for a Protective Order to maintain the confidentiality of third persons' personal information, to protect the business records and proprietary information of the Defendants, and to allow the parties to exchange information in the most expeditious fashion possible, with a minimum burden, expense, dispute, and delay.

This Protective Order is entered for the purpose of facilitating the exchange of documents and information among the Parties to this litigation without involving the Court unnecessarily in the process. The entry of this Protective Order does not preclude any Party from seeking further order of this Court pursuant to Federal Rule of Civil Procedure 26(c). Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony, or other

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

evidence at trial. This Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the grounds of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

## IV.

## DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.

## DESIGNATING PROTECTED MATERIAL

A.     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designated information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

B.     <u>Manner and Timing of Designations:</u> Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section V(B), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1.     <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protection portions (*e.g.*, by making appropriate markings in the margins).

2.     <u>For testimony given in deposition proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, , all protected testimony. Pages of transcribed deposition testimony or exhibits that may reveal Protected Material must be separately bound by the court reporter and

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

may not be disclosed to anyone except as permitted under this Stipulated Protective Order. This provision does not apply to any court hearings or trial testimony.

3. <u>For information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.    <u>Inadvertent failure to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Plaintiffs do not waive their right to object to any documents or information later designated as "CONFIDENTIAL" after it was produced without a "CONFIDENTIAL" designation pursuant to the terms of the Protective Order.

## VI.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Written notice of the challenge must be sent to the designating party's counsel who then has fourteen (14) days of receipt of the notice to respond to the challenge.

B.    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party 7 days for an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

C.      Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion for a Protective Order to maintain confidentiality of documents and information within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. If the designating Party files the motion as described above, then the material in question retains the level of protection to which it is entitled until the Court rules on the motion. If the Designating party fails to file a motion for protective order as described above, then confidentiality is waived.

**VII.**

**ACCESS TO AND USE OF PROTECTED MATERIAL**

A.      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation

has been terminated, a Receiving Party must comply with the provisions of Section XI(D) below (Final Disposition). Protected material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.    the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

2.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

3.    the Court and its personnel;

4.    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

5.    during their deposition, witnesses in the action to whom disclosure is reasonably necessary;

6.    Such other persons as hereafter may be designated by written agreement between the parties in this action or by order of the court.

**VIII.**

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

9

1        1.      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        2.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

If the Designating Party timely seeks a protective order within seven (7) calendar days of the date written notice is given, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**IX.**

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**X.**

**MISCELLANEOUS**

A.    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

B.    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

C. <u>Filing Protected Material.</u> There is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion for leave to file those documents under seal concurrently therewith pursuant to Local Rule IA 10-5. If papers are filed under seal under prior court order, the parties must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ____)." All parties shall comply with the requirements of Local Rule IA 10-5 and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). This document must be retained by the court as part of the record until further court order. But the court may still require the party to file a redacted copy for the public record. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a party's request to file Protected Material under seal is denied by the Court, then the Party may file the information in the public record unless otherwise instructed by the Court.

D. <u>Final Disposition.</u> Within 60 days after final termination of this case either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties, all material and copies containing information designated CONFIDENTIAL shall be returned to the party producing such information, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information. In the alternative, within 60 days after final termination of this case, such materials and copies may be shredded or disposed of in a manner to assure the destruction thereof and declaration certifying such destruction or disposal shall be provided to the party producing such information. Notwithstanding the above, one copy

/ / /

/ / /

/ / /

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

of the files in this case, including information designated CONFIDENTIAL, may be retained by

counsel of record for each party, subject to the terms

of this Order.

Dated this 7th day of October, 2024.

**CHRISTIAN, JOHNSON, SLUGA,
& MUSHMECHE, LLC**

*/s/ Scott B. Van Alfen, Esq.*
TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
SCOTT B. VAN ALFEN, ESQ.
Nevada Bar No. 5532
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendants*

Dated this 7th day of October, 2024.

**EGLET   ADAMS   EGLET   HAM
HENRIOD**

*/s/ Brittney Glover, Esq.*
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
BRITTNEY R. GLOVER, ESQ.
Nevada Bar No. 15412
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

**IT IS SO ORDERED**

**DATED:** 10:23 am, October 09, 2024

**BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE**

Respectfully Submitted:

**CHRISTIAN, JOHNSON, SLUGA,
& MUSHMECHE, LLC.**

*/s/ Scott B. Van Alfen, Esq.*
TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
SCOTT B. VAN ALFEN, ESQ.
Nevada Bar No. 5532
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendant*

CHRISTIAN, JOHNSON, SLUGA & MUSHMECHE, LLC
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

## Willow Jones

| | |
|---|---|
| **From:** | Brittney Glover <bglover@egletlaw.com> |
| **Sent:** | Monday, October 7, 2024 10:37 AM |
| **To:** | Willow Jones; Scott Van Alfen |
| **Subject:** | RE: [External] Rodriguez v. Brotherhood Mutual: Final Version of Stipulated Protective Order |

Hi Willow,

You have permission to affix my e-signature. Thanks.



Brittney Glover, Esq.
p: (702) 450-5400
w: www.egletlaw.com
a: 400 South 7th Street, Suite #400 Las Vegas, NV

This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the solicitor-client or other applicable privileges), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

**From:** Willow Jones <WJones@SJWLawfirm.com>
**Sent:** Friday, October 4, 2024 11:06 AM
**To:** Scott Van Alfen <SVanAlfen@sjwlawfirm.com>; Brittney Glover <bglover@egletlaw.com>
**Subject:** RE: Rodriguez v. Brotherhood Mutual: Final Version of Stipulated Protective Order

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Ms. Glover:

Mr. Van Alfen has accepted all of the changes you requested. Please see the attached. Once you have approved, I can get the Stipulation filed.

Thank you.


Willow K. Jones
Legal Assistant to Tyler J. Watson, Esq. and
Scott B. Van Alfen, Esq.

Schnitzer Johnson & Watson, Chtd.

LAS VEGAS
www.sjwlawfirm.com

Christian, Johnson, Sluga & Mushmeche, LLC
LAS VEGAS   PHOENIX
www.cjsmlaw.com

8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Direct:          (702) 222-4139
Office:          (702) 362-6666
SJW Fax:   (702) 362-2203
CJSM  Fax:   (702) 992-1000
WJones@sjwlawfirm.com

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

**From:** Brittney Glover <bglover@egletlaw.com>
**Sent:** Tuesday, September 17, 2024 4:30 PM
**To:** Willow Jones <WJones@SJWLawfirm.com>
**Cc:** Scott Van Alfen <SVanAlfen@sjwlawfirm.com>
**Subject:** RE: Rodriguez v. Brotherhood Mutual: Final Version of Stipulated Protective Order

Hi Willow,

Sorry for the delay. I missed your Friday email.

Maybe I was tired the day I initially reviewed this, but I added a few things back in that I previously deleted. Let me know if Mr. Van Alfen approves. Thanks.